## RICHARD A. D. LEE v. ELLEN MELLEM LEE.[1]

### November 4, 1921.

### No. 22,433.

**Divorce — action to collect payment specified in decree.**

A decree of divorce required defendant to pay $1,500 for her husband's undivided one-half interest in a house and certain lots. Defendant neglected to pay the money and this action was brought to collect it. The court directed plaintiff to deposit his deed with the clerk of court and defendant to pay the sum named to the clerk of court for the use of plaintiff, on condition that if she did not do so before a specified day she should be forever barred of her right to purchase his interest in the property for that sum. *Held:* There was no error in receiving the judgment roll in the divorce action or the written tender of a deed from plaintiff, and no error in canceling the privilege to purchase upon failure to make the required payment. [Reporter.]

Action in the district court for Ramsey county to recover $1,500 under a decree of divorce and for a sale of certain premises to pay the same. The case was tried before Dickson, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Jesse E. Greenman,* for appellant.

*Herbert P. Keller,* for respondent.

PER CURIAM.

In a divorce decree the plaintiff herein was granted a divorce, and the defendant's title to her share, which was an undivided half interest in certain lots was confirmed. The decree also provided that the plaintiff convey to the defendant his interest in said lots "together with the dwelling house situated upon the same, upon payment by defendant to plaintiff of the sum of fifteen hundred ($1,500.00) dollars, and that defendant have no other or further right, title or interest in or to the property or earnings of plaintiff, present and future." Defendant neglected to pay the $1,500, and, after waiting several months, plaintiff brought this action to compel a performance of the decree by defendant and for other relief. She appeals from the judgment.

There obviously was no error in the admission of the judgment roll in the

[1]Reported in 184 N. W. 954.

divorce action, nor in receiving the written tender of the deed and the deed from plaintiff to defendant of his share in the premises. The only other assignment of error is that part of the findings and judgment "directing the defendant to pay to the clerk of court for the use of plaintiff said sum of Fifteen Hundred Dollars ($1,500) on or before April 1st, 1921, and decreeing that if she fail to pay said sum on or before said day she shall be forever barred and foreclosed of all her right under and pursuant to said decree of divorce to purchase the plaintiff's interest in said property for said sum." The divorce decree gave defendant the privilege to purchase plaintiff's share of the real estate mentioned for a specified sum. It did not fix the time for so doing, hence the payment was to be made and the deed delivered immediately, or, at any rate, within a reasonable time. Defendant neglected to perform, and there seems to be no valid reason why the privilege given by the divorce decree should not be canceled for such failure. The court did no more. The status of the property as to being occupied as a home by defendant has nothing to do with the question of the court withdrawing a privilege granted in the divorce decree when defendant refuses to comply with the condition annexed to the privilege. There is no error in the judgment of which defendant can justly complain.

The judgment is affirmed.